Ronald SCOTT, Appellant,

v.

HUEY L. CHERAMIE, INC., Appellee.

No. C14–91–01083–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 21, 1992.

Rehearing Denied June 18, 1992.

Paul R. Miller, Steven D. Naumann, Houston, for appellant.

Mark S. Strawn, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Ronald Scott, appellant, appeals from an order dismissing his suit against Huey L. Cheramie, Inc. (Cheramie), appellee, for lack of personal jurisdiction. We affirm.

Cheramie is a Louisiana corporation that mainly does business in Louisiana and sporadically in other Gulf Coast States. Cheramie filed a special appearance challenging personal jurisdiction. The trial court sustained its special appearance and dismissed Scott's suit for want of personal jurisdiction.

Appellant asserts three points of error that attack the trial court's sustaining appellee's special appearance. We address all error by determining the jurisdictional question.

■ "The appropriate standard of review in the appeal of a special appearance case is to review all the evidence in the record." *General Elec. Co. v. Brown & Ross Int'l Distrib., Inc.,* 804 S.W.2d 527, 534 (Tex.App.—Houston [1st Dist.] 1990). "[I]n a Rule 120a special appearance, the non-resident defendant has the burden of proof to negate all bases of personal jurisdiction. *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985). Appellee was the defendant in the trial court and shoulders this burden. We thus review the entire record to determine if appellee negated all bases of personal jurisdiction. This standard does not mean the appellee must negate every possible ground in the universe, but rather the acts in Texas alleged by the appellant to support personal jurisdiction. *Siskind v. Villa Found. for Educ., Inc.,* 642 S.W.2d 434, 438 (Tex.1982).

■ A Texas court may exercise personal jurisdiction over a non-resident if the Texas long-arm statute authorizes the exercise of jurisdiction, and the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *Schlobohm v. Shapiro,* 784 S.W.2d 355 (Tex.1990); TEX.CIV.PRAC. & REM.CODE ANN. § 17.041—§ 17.042 (Vernon 1986). The Texas long-arm statute lists particular acts that automatically qualify as "doing business" in Texas. *Id.* at § 17.-042. "Other acts" may also constitute "doing business" according to the statute. *Id.* Cheramie did not "do business" in Texas on the date of the alleged injury, June 3, 1989, as defined in Texas law. Cheramie did not contract with a Texas resident until July 25, 1990, thirteen months after the alleged accident. Cheramie did not commit a tort in part or in whole in this state because the injury occurred either in international or Louisiana waters. Cheramie did not recruit any Texas residents for employment. *Id.* No "other acts" occurred that qualify Cheramie as "doing business". Sporadic phone calls, gas purchases, grocery shopping, crew changes, and barge deliveries do not constitute "doing business" in Texas. *Id.*

Even if the above acts did qualify as "other acts," the Texas Supreme Court "... has decided that the broad language of the long-arm statute's doing business requirement allows the statute to reach (only) as far as the federal constitution permits." *Schlobohm,* 784 S.W.2d at 357. We therefore turn to the federal constitutional test of due process to determine whether appellant maintains personal jurisdiction in Texas, and ultimately to decide if the Texas long-arm statute applies to him.

■ To ensure compliance with the federal constitutional standard, Texas has designed its own formula for jurisdiction:

1. The nonresident must purposefully do some act in Texas that would put a reasonable person on notice he might be subject to the call of a Texas court.

2. The cause of action must arise from or be connected with such act or transaction. Even if the cause of

action does not arise from a specific contact, general jurisdiction may apply if the appellant's contacts with Texas are continuing and systematic.

3. The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice.

*Schlobohm,* 784 S.W.2d at 358.

The first prong of the formula can be restated simply: Did appellee have minimum contacts so that it reasonably anticipated the call to a Texas court? *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Cheramie has no office, files, bank accounts, real estate, agents, or control over the work it did for clients in the forum state of Texas. Cheramie made sporadic contacts with the state consisting of crew changes, barge deliveries, phone calls, grocery shopping, and gas purchases at the time of the injury. Therefore, Cheramie did not purposefully avail itself of the benefits of Texas forum with its minimum contacts.

The second part of the formula asks whether there is specific or general jurisdiction. Specific jurisdiction applies to a cause of action arising from the contact. General jurisdiction applies if the appellee's contacts with the forum, even though not directly connected with the contact, are continuous and systematic. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–15, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404.

■ In the present case, Scott was working on the M/V GLORIA CHERAMIE on a voyage between Louisiana ports. His cause of action did not arise from a contact with Texas, therefore specific jurisdiction does not apply. Also, no continuous and systematic contacts occurred between Cheramie and Texas. Appellant argues that the contract of July 25, 1990, is a long-term contract like the one in *Lujan v. Sun Exploration and Production Co.,* 798 S.W.2d 828 (Tex.App.—Dallas 1990, writ denied), asserting that the existence of a long-term contract implies continuous and systematic activity. This may be so, but the long-term contract of July 25, 1990, did not exist at the time of the injury. Also, the finding of a lack of minimum contacts implies the lack of other kinds of contacts including continuous and systematic contacts. Therefore, general jurisdiction does not apply. Since we have found no general jurisdiction, we do not have to analyze whether the assertion of jurisdiction is against the traditional notions of fair play and substantial justice, the third prong of the formula.

Because appellee has not purposefully acted to subject itself to a Texas jurisdiction and does not have the continuous and systematic contacts necessary to support general jurisdiction, the trial court had no jurisdiction over appellee. Therefore, we affirm the trial court's order dismissing appellant's suit for the lack of personal jurisdiction.